**RECORD NOS. 11-7103(L); 13-7068; 13-7074 XAP**

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

*In The*

# United States Court of Appeals

### For The District of Columbia Circuit

# CONTINENTAL TRANSFERT TECHNIQUE LIMITED,

*Plaintiff – Appellee/Cross – Appellant,*

**v.**

# FEDERAL GOVERNMENT OF NIGERIA; ATTORNEY GENERAL OF THE FEDERATION; MINISTER OF THE INTERIOR,

*Defendants – Appellants/Cross – Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## REPLY BRIEF OF APPELLANTS/CROSS – APPELLEES

| | |
|---|---|
| **David Ludwig** | **Kenuchukwu C. Okoli** |
| **DUNLAPWEAVER PLLC** | **LAW OFFICES OF K.C. OKOLI, P.C.** |
| **211 Church Street, SE** | **330 Seventh Avenue, 15th Floor** |
| **Leesburg, Virginia  20175** | **New York, New York  10001** |
| **(703) 777-7319** | **(212) 564-8152** |
| | |
| *Counsel for Appellants/Cross – Appellees* | *Of Counsel* |

**THE LEX GROUP**DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

SUMMARY OF THE ARGUMENT ...................................................................1

ARGUMENT .....................................................................................................6

I.   NIGERIA'S UFMJRA ARGUMENTS ARE NOT MOOT, HAVE NOT BEEN WAIVED AND ARE PROPERLY BEFORE THIS COURT ........................................................................6

II.   DISRICT COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON CONTINENTAL'S UFMJRA CLAIM...................7

III.   CONTINENTAL DID NOT PROPERLY SEEK CURRENCY CONVERSION AND IS NOT ENTITLED TO 18% PREJUDGMENT INTEREST RATE.................................................9

IV.   DISTRICT COURT ABUSED ITS DISCRETION BY TREATING APPELLEES' RULE 60(a) MOTION LIKE A RULE 59(e) MOTION UNDER THE CIRCUMSTANCES..............10

CONCLUSION ................................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aaro, Inc. v. Daewoo International (America) Corp.,*
    755 F.2d 1398 (11th Cir. 1985) ..........................................................................6

*D.C. v. Air Florida, Inc.,*
    750 F.2d 1077 (D.C. Cir. 1984)..........................................................................7

*Greenier v. Cyanamid Plastics, Inc.,*
    70 F.3d 667 (1st Cir. 1995)..........................................................................7

*Robinson-Reeder v. American Council on Education,*
    571 F.3d 1333 (D.C. Cir. 2009)..................................................................4, 6

## STATUTE

*D.C. Code § 15-383(b)..........................................................................9

## RULES

Fed. R. Civ. P. 59(e)..........................................................................10, 11

Fed. R. Civ. P. 60(a)..........................................................................10, 11

Fed. R. Evid. 201(b)..........................................................................10

*Chief authorities are denoted by an asterisk*

ii

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CONTINENTAL TRANSFERT TECHNIQUE
LIMITED                                                    )
                                                           )
                                                           )
                    Appellee                               )
                                                           )        No. 11-7103
-against-                                                  )        (Consolidated with
                                                           )        13-7068 & 13-7074)
                                                           )
                                                           )
THE FEDERAL GOVERNMENT OF NIGERIA,  )
ATTORNEY GENERAL OF THE                       )
FEDERATION, and MINISTER OF THE              )
INTERIOR,                                                  )
                                                           )
                    Appellants                             )
------------------------------------------------------------  )

**APPELLANTS' REPLY BRIEF**

**<u>SUMMARY OF THE ARGUMENT</u>**

Continental does not dispute the fact that it applied for and obtained the U.K.

court order of June 24, 2009, which forms the basis of the Judgment in this

litigation, "without notice" to the Appellants. In other words, Continental obtained

a *final ex parte* court order in the U.K. which it used to obtain the Judgment of the

District Court which is on appeal in this litigation.  (A503-507).  Continental

proceeded *ex parte* to obtain the June 24, 2009 despite its knowledge that it had

been under the restraint of a valid Nigerian court order since April 23, 2009, "from

1

seeking or continuing to seek to (sic) the recognition and enforcement of the Final

Award between the parties herein published and dated the 14th day of August 2008

in the United States *or any part of the world pending the hearing and*

*determination of the Motion on Notice for interlocutory injunction* which shall

come up for hearing on Monday 27th day of April, 2009." (Emphasis added)

(A556). Said Motion for Interlocutory injunction was adjourned at the instance of

Continental to a later date. Meanwhile, Continental filed a Motion on Notice dated

May 19, 2009, for an Order enlarging the time within which to apply to discharge

i.e. set aside, the court's prior Order of April 23, 2009[1]. On June 16, 2009, the

Nigerian court ruled on Continental's motion of May 19, 2009, and denied relief.

(A565-588).

It should be emphasized that it is this same *ex parte* U.K. court order of June

24, 2009, that the District Court recognized as a foreign judgment in the Judgment

under appeal in this litigation. Continental seeks to cast itself as some innocent

victim which it is not. One who seeks equity must do equity, and one who comes

to must come to equity with clean hands. Continental's hands are anything but

---

[1] Continental's said motion implicitly concedes that the Nigerian Court Order of April 23, 2009 did not lapse as Continental was to later claim in this litigation. *See* Appellee's Brief, at 14. Continental obtained an adjournment of Nigeria's Motion on Notice scheduled for hearing on April 27, 2009 (4 days after the grant of the court's April 23, 2009 order), then applied on May 29, 2009 for its own relief from said ex parte order (12 days after the time it was later to claim in this litigation that the *ex parte* order had lapsed).

2

clean in its conduct of the three litigations – in the U.K., Nigeria and the U.S. –

related to the arbitration award at issue in this litigation. Continental cannot in

good faith seek to retain the District Court Judgment under appeal – a judgment

which itself is based upon the same *ex parte* U.K. court order which Continental

improperly obtained *without notice* to Nigeria, and in flagrant breach of an existing

Nigerian court order of April 23, 2009.  Yet, in a desperate attempt to obtain the

imprimatur of this Court on the District Court Judgments which misunderstood the

import of Continental's conduct in obtaining the underlying U.K. court order,

Continental has continued to engage in half-truths, as well as arguments and

assertions which are neither in accord with critical facts, nor are they supported by

the law.

As an example, Continental asserts with respect to a decision of the District

Court dated March 23, 2010, that "Nigeria is not appealing" same. *See* Appellee's

Brief, at 2. The District Court had stated, "[t]here is no evidence that Continental is

in any way responsible for Nigeria's failure to appear [before the High Court] or

that Continental otherwise prevented Nigeria from defending itself." This

statement by the District Court is demonstrably incorrect. On the face of its

application for the U.K. court order of June 24, 2009, Continental made clear that

its application to the U.K. court was "without notice" to Nigeria. (A503-507).  In

an incredible display of reckless disregard for the truth, Continental asserts that

3

"Nigeria received notice on March 13, 2009, and had more than three months to appear and contest the U.K. Judgment." Appellee's Brief, at 3.  How could Nigeria receive notice on March 13, 2009 of an application for a final order which Continental did not make until June 23, 2009 – three months later, and which was granted on June 24, 2009, *without notice* to Nigeria?

Not only did Continental intentionally make the application "without notice" to Nigeria, there is nothing in the record to indicate that Nigeria otherwise had notice of the application between the time it was submitted to the U.K. court on June 23, 2009, and the grant of the order on June 24, 2009. Therefore, contrary to the holding of the District Court in the judgment under review, Continental was responsible for Nigeria's failure to appear before the U.K. court to respond to the application for the order which the U.K. court granted on June 24, 2009.

With regard to this incorrect statement of the fact by the District Court, Continental stated thus: "Significantly, Nigeria did not appeal this decision then, and does not appeal it now."  *See* Appellee's Brief, at 18. Continental's assertion ignores the law. Only a final order or final judgment is appealable. *See Robinson-Reeder v. American Council on Education*, 571 F.3d 1333, 1336 (D.C. Cir. 2009). Orders which are non-final as the District Court's decision of March 23, 2010 are not appealable. The referenced decisions do not constitute final orders or

4

judgments for appeal purposes. Nigeria timely appealed both the final Judgment and the Amended Judgment entered in this case. (A800-802, A899-900).

Even before reaching the merits of the cross-appeal, it should be noted that Continental abandoned its cross-appeal by failing to file the Statement of Issues to be Raised on Appeal as ordered in the scheduling orders of this Court dated May 1, 2013 and June 5, 2013. It cannot be gainsaid that, with regard to Continental's cross-appeal, Continental is the "Appellant." Continental only identified the issue it intends to raise when it filed its own brief on December 12, 2013. *See* Appellee's Brief, at 4. Therefore, Continental failed to preserve any issue for review by this Court when it abandoned its appeal by the aforesaid failure. To allow Continental to proceed with it cross-appeal for which it failed to file the required Statement of Issues is tantamount to applying a different standard to Continental's cross-appeal from the standard applied to Nigeria's appeal. Continental should, therefore be confined to a response to the issues raised by Nigeria in its appeal.

For the reasons which appear herein and any of the reasons which appear in Appellants' principal brief, Nigeria's appeal should be allowed and Continental's cross-appeal dismissed as abandoned.

## **ARGUMENT**

I.    NIGERIA'S UFMJRA ARGUMENTS ARE NOT MOOT, HAVE NOT
      BEEN WAIVED AND ARE PROPERLY BEFORE THIS COURT

Continental's argument under "I" of its brief, that Nigeria is appealing only a

"portion of the District Court's holdings" is totally misconceived.  *See* Appellee's

Brief, 25-29. Generally, it is the notice of appeal which designates "the judgment,

order, or part thereof" that is being appealed. Nigeria's notices of appeal herein

show that Nigeria is appealing whole judgments. (A800 and A899). Therefore, all

of Continental's argument relating to noticing an appeal as to part or portion of the

judgment are of no moment. And the case law citations relating thereto are

irrelevant to this appeal.

Continental takes issues that Nigeria did not file notices of appeal when

certain rulings of the District Court were rendered, especially the decision of

March 23, 2010. Continental misunderstands what orders or judgments may be

appealed. Only final orders of judgments are appealable. *See Robinson-Reeder v.*

*American Council on Education*, 571 F.3d 1333, 1336 (D.C. Cir. 2009). The

referenced ruling of March 23, 2010 is not an appealable final order or judgment. It

is well settled that when such a decision is not appealable, it merges into a final

judgment which is open to review on appeal. *See Aaro, Inc. v. Daewoo*

*International (America) Corp.*, 755 F.2d 1398, 1400 (11th Cir. 1985).

6

Finally, Continentals' waiver argument fares no better. Continental contends that "Nigeria has waived its UFMJRA arguments because it did not raise any argument related to the UFMJRA in the briefing on *the motions under review."* (Emphasis added). It is unclear what motions Continental is referring to since the review here is of the entire judgment. At any rate, in opposition to Continental's motion in the District Court, Nigeria advanced its UFMJRA arguments. (A195-196).  Based upon this fact alone, Continental's reliance upon *D.C. v. Air Florida, Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984) and *Greenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995), is misplaced. Those cases are distinguishable on the facts. Again, Continental continues to confuse and conflate an appeal of a final judgment, which brings up for review all non-final interlocutory decisions of the District Court, with a non-final decision which is not appealable.

II.   DISRICT COURT IMPROPERLY GRANTED SUMMARY JUDGMENT
      ON CONTINENTAL'S UFMJRA CLAIM

In response to Continental's arguments contained at pages 29-33 of Continental's Brief in this appeal, in addition to the points made in Appellants' main brief, it should be noted that Continental's own papers submitted to the U.K. court in support of the June 24, 2009 Order undermines Continental's current position in this appeal. Not only did Continental make clear in its application for the June 24, 2009 order that it was doing so *without notice to Nigeria*, the order

7

was in fact granted without notice to Nigeria. (A503-507).  It is noteworthy that Continental sought this court order without notice to Nigeria, *after* Continental had obtained from the Nigerian court, an adjournment of Nigeria's motion on notice relative to the restraint of Continental, and *after* Continental had lost its own motion to set aside the Nigerian court's restraining order of April 23, 2009. If, under those circumstances, Continental's application for the June 24, 2009 order without notice to Nigeria, does not constitute a fraud on the U.K. court or, at a minimum, deception and chicanery, which strike at the root of that very order, then perhaps such conduct by Continental should be encouraged by the courts in the United States.

All that this Court needs to do to appreciate the seriousness and import of Continental's conduct is to review the very application which Continental itself submitted to the U.K. court on June 23, 2009, which resulted in the June 24, 2009 order. (A503-504). In light of the stage of the litigation in the U.S., Nigeria and the U.K. as of June 23, 2009, the contents of Continental's application for the June 24, 2009 order prove the fraud and deception which Continental perpetrated on the U.K. court for the purpose of obtaining the court order of June 24, 2009. By seeking the order *without notice* to Nigeria, and requesting the U.K. court to grant relief on the papers submitted (instead of a hearing to give Nigeria a chance to have its say), Continental deliberately withheld critical facts from the U.K. court

8

and denied Nigeria the opportunity to contest the grant of relief before it was granted to Continental.

The resulting U.K. court order of June 24, 2009, which was obtained under the circumstances described above, does not comport with United States public policy, sense of fairness and justice, and should not have been recognized by the District Court. This Court should put a stop to this kind of conduct by sending a message to Continental that, while he American courts will aid it in its quest for equity and justice, it cannot approach these courts with badly soiled hands. This Court should allow the appeal and dismiss Continental's cross-appeal.

Finally, the June 24, U.K. court order does not meet the statutory definition of "Foreign-money judgment" under UFMJRA. Nor, does it qualify for recognition Section 15-383(b) in light of the fact that it was obtained by fraud; and obtained without notice to Nigeria to enable it defend the grant of the order.

III.   CONTINENTAL DID NOT PROPERLY SEEK CURRENCY CONVERSION AND IS NOT ENTITLED TO 18% PREJUDGMENT INTEREST RATE

As noted earlier, Continental may not advance any arguments in support of its cross-appeal since it abandoned same by its failure to timely file a Statement of the Issues to be Raised on Appeal by it. *See* page 5 *supra.* Continental now raised for the first time in this litigation, the issue of judicial notice with regard to interest

9

rates in Nigeria. First, it is improper for Continental to raise this issue for the first time on appeal. Therefore, this Court should not entertain such an argument for the first time on appeal since Continental never intimated so before the District Court. Secondly, Continental only states that the "lending rate in Nigeria has remained above 16.0% through 2012." Appellee's Brief, at 41. There is no indication as to what it was in fact at given points in time. It is not the function of this Court to calculate and determine what the particular lending rate was at any given point from 1999 through 2012.

Moreover, continental has not provided any case law citation that data compilation by the *World Bank* is a proper subject of judicial notice under Section 201(b) of the Federal Rules of Evidence. This Court should dismiss the cross-appeal or otherwise deny relief based upon judicial notice.

IV.   DISTRICT COURT ABUSED ITS DISCRETION BY TREATING APPELLEES' RULE 60(a) MOTION LIKE A RULE 59(e) MOTION UNDER THE CIRCUMSTANCES

Appellees argue that the District did not abuse its discretion by treating their motion under Rule 60(a) as a motion under Rule 59(e).  Continental contends that courts can treat timely motions made under Rule 60(a) as having been made under Rule 59(e). Appellee's Brief, at 37-39. Continental has missed the point here. While Nigeria does not dispute that, as a general rule, courts may treat timely Rule

10

60(a) motions as having been made under Rule 59(e), the contention is that the courts cannot do so in the face of the movant's insistence that its motion is a Rule 60(a) motion, and in the face of opposition by the movant's adversary. Continental's conduct on the motion is more than simply captioning of same. Nowhere in its motion papers did Continental ever ask that its motion be treated as a Rule 59(e) motion or even took the hint of the District Court. And therein lies the distinction between this case and the cases cited by Continental in its brief.

## CONCLUSION

For any of the foregoing reasons and the reasons contained in Nigeria's main brief, the appeal should be allowed, the judgment of the District Court reversed, and the cross-appeal dismissed.

Dated:        January 21, 2014

Respectfully submitted,

THE FEDERAL GOVERNMENT OF
NIGERIA,
ATTORNEY GENERAL OF THE
FEDERATION, AND MINISTER OF THE
INTERIOR
By Counsel

/s/ David Ludwig
David Ludwig, DC Bar # 975891
*DUNLAP*WEAVER, PLLC
211 Church Street SE
Leesburg VA, 20175
Tel: 703-777-7319
Fax: 703-777-3656
dludwig@dunlapweaver.com


*Attorneys for the Defendants*


**On the Brief:**

Kenechukwu C. Okoli
David Ludwig

12

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,562*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated <u>January 21, 2014</u>        <u>/s/ David Ludwig</u>
                               *Counsel for Appellants/Cross-Appellees*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 21st day of January, 2014, I caused this Reply

Brief of Appellants/Cross-Appellees to be filed electronically with the Clerk of the

Court using the CM/ECF System, which will send notice of such filing to the

following registered CM/ECF users:

Joel A. Hankin
Melissa E. Byroade
Paul F. Doyle
KELLEY DRYE & WARREN LLP
101 Park Avenue, 30th Floor
New York, New York  10178
(212) 808-7800

Shaun M. Gehan
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC  20007
(202) 342-8469

*Counsel for Appellee/Cross – Appellant*    *Counsel for Appellee/Cross – Appellant*

I further certify that I caused the required copies of the Reply Brief of

Appellants/Cross-Appellees to be hand filed with the Clerk of the Court.

/s/ David Ludwig
*Counsel for Appellants/Cross-Appellees*